UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JP OIL COMPANY, LLC** | **CIVIL DOCKET NO. 6:24-cv-01193** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **RUSH SALES COMPANY D/B/A RUSH-OVERLAND MANUFACTURING** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM RULING

Before the Court is a MOTION TO DISMISS UNDER F.R.C.P. 12(b)(3) OR ALTERNATIVELY TO TRANSFER VENUE UNDER 28 U.S.C. § 1404 (the "Motion") filed by Defendant, Rush Sales Company d/b/a Rush-Overland Manufacturing ("Rush-Overland" or "Defendant"). [Doc. 6]. Plaintiff, JP Oil Company, LLC ("JP Oil" or "Plaintiff") opposes the Motion. [Doc. 10]. Defendant filed a Reply to Plaintiff's opposition on October 1, 2024. [Doc. 11]. For the following reasons, the Motion is GRANTED.

## BACKGROUND

Plaintiff filed a Petition for negligence and dissolution of contract against Defendant in the 16th Judicial District Court in St. Martin Parish, Louisiana, on July 10, 2024. [Doc. 1-2]. The Petition alleges that the parties entered into an agreement for Plaintiff to buy one "Kill Truck" from Defendant. *Id.* at p. 1. Upon receiving an email with instructions from Defendant, Plaintiff wired a $123,000.00 deposit to Defendant. *Id.* at p. 2. It was later discovered that the wiring instructions received by Plaintiff via email were fake and not sent by Defendant, and that Defendant's email system had been hacked by a third-party. *Id.* Plaintiff was not able to reverse

or recover the deposit it wired, and the parties were unable to resolve the issue amicably. *Id.* at p. 3. Defendant removed the case to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1441(b). [Docs. 1, 5].

Defendant urges that venue is improper in Louisiana because of a forum selection clause in the parties' contract, and thus the case should be dismissed for improper venue pursuant to Federal Rule of Civil Procedure Rule 12(b)(3). Alternatively, Defendant argues that venue should be transferred to the Western District of Texas, Midland-Odessa Division pursuant to 28 U.S.C. § 1404. The contract contains a forum selection clause which provides, in relevant part:

> **Jurisdiction** – Purchaser irrevocably consents and voluntarily submits to personal jurisdiction of the courts located in Ector County, Texas and the United States District Court for the Western District of Texas, Midland-Odessa Division in any proceeding arising out of or relating to this contract and agrees at all claims raised in such proceedings shall be heard and determined by such court or courts.

[Doc. 6-3, p. 7]. (Emphasis in original).

## LAW AND ANALYSIS

### I. Applicability of the Forum Selection Clause

As a threshold matter, we consider whether the forum selection clause governs the action currently before the Court. In opposition to Defendant's Motion, Plaintiff asserts that the forum selection clause does not apply in the instant case because the clause only relates to the execution of the object of the contract, i.e., the construction and sale of a Kill Truck. [Doc. 10, p. 5]. (Emphasis added). In reply, Defendants contend that the scope of the forum selection clause is broad enough to encompass

the tort claim at issue, citing numerous federal cases in support of this proposition. [Doc. 11, pp. 2-3].

In determining if a forum selection clause applies to a particular claim, the Court must "examine the language of the forum-selection clause with a common-sense view of the causes of actions to determine whether the clause [is] broad enough" to cover the type of action. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 444 (5th Cir. 2008) (citing *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220 (5th Cir. 1998)). It is improper to adhere to any contract/tort distinctions in the language of the clause; this would "allow a litigant to avoid a forum-selection clause with 'artful pleading.'" *Id.* Here, the forum selection clause states that it applies to "any proceeding arising out of or relating to this contract." [Doc. 6-3, p. 7]. Applicable federal jurisprudence clearly supports the finding that this clause encompasses the claims brought by Plaintiff in this action.[1]

## II. Venue

A valid forum-selection clause "'represents the parties' agreement as to the most proper forum.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63, 134 S. Ct. 568, 581, 187 L.Ed.2d 487 (2013) (citing *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 31, 33 (KENNEDY, J., concurring), 108 S. Ct. 2239,

---

[1] *See Marinechance Shipping Ltd.*, 143 F.3d at 220, 222 (holding that a forum selection clause that covered "[a]ny disputes arising out of the respective contract […]" applied to tort actions); s*ee also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 587–88, 111 S. Ct. 1522, 1524–25, 113 L.Ed.2d 622 (1991) (holding that "all disputes and matters whatsoever arising under, in connection with or incident to this Contract" applied to a negligence action); s*ee also Ginter ex rel. Ballard,* 536 F.3d at 445 (holding even that a clause "covering suits dealing with the enforcement or breach of the contract" applied to tort claims.)

101 L.Ed.2d 22 (1988)). "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."[2] *Id.* at 61. (Emphasis in original). When there is a mandatory, enforceable forum selection clause, a modified 28 U.S.C. § 1404(a) analysis is applied. *Id.* at 63. *See Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016). *See also Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 248 (5th Cir. 2023).

### A. Is the Forum Selection Clause Mandatory and Enforceable?

Here, there is no dispute that the forum selection clause is mandatory. Rather, Plaintiff only contends that the forum selection clause is not enforceable. When the parties have agreed to a mandatory forum selection clause, there is a "strong presumption" in favor of enforcement. *Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 248 (5th Cir. 2023). To overcome this presumption, the mover must show, by clear and convincing evidence, that the clause is unreasonable under the circumstances. *Id.* The Fifth Circuit has explained:

> Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Id.* (citing *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)).

---

[2] 28 U.S.C. § 1404(a) is "merely a codification" of the doctrine of *forum non conveniens*. *Id.*

In opposition, Plaintiff argues that the forum selection clause is not enforceable because: (i) it was foreseeable that Defendant could have another hacking incident but failed to take action, (ii) a dispute of this kind was not contemplated in the contract, and (iii) Defendant has necessarily declared that the agreement does not exist because it will not honor the $123,000 deposit wired as payment. [Doc. 10, p. 5]. In response, Defendant avers that Plaintiff has not presented any arguments addressing the four ways a forum selection clause can be unreasonable. *Id.* at p. 5.

As the mover, Plaintiff has failed to overcome the presumption in favor of enforcing a mandatory forum-selection clause with clear and convincing evidence. Plaintiff's asserted reasoning as to why the forum selection clause is unreasonable does not speak to the factors cited above,[3] nor does it speak to any type of general, manifestly unreasonable circumstance sufficient to overcome the presumption in favor of the forum selection clause. Accordingly, the Court finds the forum selection clause to be enforceable.

### B.   Does § 1404(a) Support a Transfer of the Action?

Under the modified § 1404(a) analysis, "the plaintiff's choice of forum merits no weight." *Atl. Marine Const. Co.*, *supra*, 571 U.S. at 63. Rather, "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, the Court must not consider private interest factors,

---

[3]   There is no evidence of: (i) fraud regarding inclusion of the clause, (ii) that the Texas forum is unfair or of grave inconvenience, or (iii) that enforcement of the forum selection clause would contravene a strong public policy of Louisiana. Moreover, irrespective of venue, Texas law will apply to the instant case because of a choice of law clause in the parties' contract. [Doc. 6-3, p. 6].

only considering public-interest factors.[4] *Id*. at 64. Public-interest factors will "rarely defect a transfer motion." *Id*. As such, "forum-selection clauses should control except in unusual cases." *Id*. Because (i) the Court finds the forum selection clause to be enforceable and mandatory and (ii) Plaintiff has not identified any public interest factors that weigh against transferring the action in accordance with the forum selection clause, the Court finds that it is proper to transfer the current action to the Western District of Texas, Midland-Odessa Division pursuant to 28 U.S.C. § 1404.

## CONCLUSION

Thus, for the foregoing reasons,

IT IS HEREBY ORDERED that Defendant Rush Overland's LLC's MOTION TO DISMISS UNDER F.R.C.P. 12(b)(3) OR ALTERNATIVELY TO TRANSFER VENUE UNDER 28 U.S.C. § 1404 [Doc. 6] is GRANTED.

IT IS FURTHER ORDERED that this matter is hereby TRANSFERRED to the Western District of Texas, Midland-Odessa Division. 28 U.S.C. § 1404.

THUS, DONE AND SIGNED in Chambers on this 30th day of October 2024.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[4]   The public interest factors include "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 309 (5th Cir. 2016).